TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
Deputy Chief, International Narcotics,
 Money Laundering & Racketeering Section
MAX B. SHINER (Cal. Bar No. 187125)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
      1400/1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: 213-894-5339/3308/6920
      Facsimile: 213-894-0142
      E-mail: shawn.nelson@usdoj.gov
              max.shiner@usdoj.gov
              keith.ellison2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-00173-GW-42 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR MARLON CORNEJO |
| v. | |
| JOSE LANDA-RODRIGUEZ, et al.,<br> [#42 MARLON CORNEJO] | |
| Defendants. | |

1.   This constitutes the plea agreement between MARLON CORNEJO
("defendant") and the United States Attorney's Office for the Central
District of California (the "USAO") in the above-captioned case. This
agreement is limited to the USAO and cannot bind any other federal,
state, local, or foreign prosecuting, enforcement, administrative, or
regulatory authority.

1

DEFENDANT'S OBLIGATIONS

2      2.   Defendant agrees to:

3           a.   At the earliest opportunity requested by the USAO and

4    provided by the Court, appear and plead guilty to Count One and a

5    lesser-included offense in Count Six of the Indictment in United

6    States v. Jose Landa-Rodriguez, et al., CR No. 18-00173-GW, which

7    charge defendant with conspiring to engage in racketeering activity

8    in violation of 18 U.S.C. § 1962(d) and conspiring to distribute

9    controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1),

10   841(b)(1)(C), respectively.

11          b.   Not contest facts agreed to in this agreement.

12          c.   Abide by all agreements regarding sentencing contained

13   in this agreement.

14          d.   Appear for all court appearances, surrender as ordered

15   for service of sentence, obey all conditions of any bond, and obey

16   any other ongoing court order in this matter.

17          e.   Not commit any crime; however, offenses that would be

18   excluded for sentencing purposes under United States Sentencing

19   Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not

20   within the scope of this agreement.

21          f.   Be truthful at all times with the Probation & Pretrial

22   Services Office and the Court.

23          g.   Pay the applicable special assessments at or before

24   the time of sentencing unless defendant lacks the ability to pay and

25   prior to sentencing submits a completed financial statement on a form

26   to be provided by the USAO.

27          h.   Agree to, and not oppose, the imposition of the

28   following condition of probation or supervised release:  Defendant

2

1   shall submit to the search and seizure, with or without probable

2   cause or reasonable suspicion, of defendant's person, vehicle,

3   residence, digital devices, including cell phones, and any other real

4   or personal property under defendant's control.

5   <u>THE USAO'S OBLIGATIONS</u>

6   3.   The USAO agrees to:

7       a.   Not contest facts agreed to in this agreement.

8       b.   Abide by all agreements regarding sentencing contained

9   in this agreement.

10       c.   At the time of sentencing, provided that defendant

11   demonstrates an acceptance of responsibility for the offense up to

12   and including the time of sentencing, recommend a two-level reduction

13   in the applicable Sentencing Guidelines offense level, pursuant to

14   USSG § 3E1.1, and recommend and, if necessary, move for an additional

15   one-level reduction if available under that section.

16       d.   Recommend that defendant be sentenced to a term of

17   imprisonment no higher than the low end of the applicable Sentencing

18   Guidelines range, provided that the offense level used by the Court

19   to determine that range is 16 or higher and provided that the Court

20   does not depart downward in offense level or criminal history

21   category.  For purposes of this agreement, the low end of the

22   Sentencing Guidelines range is that defined by the Sentencing Table

23   in U.S.S.G. Chapter 5, Part A.

24   <u>NATURE OF THE OFFENSES</u>

25   4.   Defendant understands that for defendant to be guilty of

26   the crime charged in Count One, that is, racketeer influenced and

27   corrupt organizations ("RICO") conspiracy, in violation of 18 U.S.C.

28   § 1962(d), the following must be true: (1) an agreement existed

3

between two or more persons employed by or associated with an enterprise that would have affected interstate or foreign commerce, to conduct or participate in, either directly or indirectly, the conduct of affairs of the enterprise through a pattern of racketeering activity; (2) defendant joined or became a member of the agreement with knowledge of its purpose, and (3) defendant agreed that someone, not necessarily defendant, would commit at least two acts of racketeering activity in furtherance of the conspiracy.

5.   An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. "Racketeering activity" includes any act or threat involving murder, kidnaping, robbery, or extortion, which is chargeable under state law and punishable by imprisonment for more than one year; any offense involving dealing in a controlled substance in violation of 21 U.S.C. §§ 841 or 846; witness tampering in violation of 18 U.S.C. § 1312; retaliating against a witness in violation of 18 U.S.C. § 1513; money laundering in violation of 18 U.S.C. §§ 1956 or 1957; identity fraud in violation of 18 U.S.C. § 1028; and access device fraud in violation of 18 U.S.C. § 1029.

6.   A "pattern of racketeering activity" is at least two acts of racketeering activity, the last of which occurred within ten years after the commission of a prior act of racketeering.  To establish a pattern, the racketeering acts must have a "nexus" to the enterprise and be related, i.e., criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated.  The acts of racketeering activity themselves must

4

1   either extend over a substantial period of time or they must pose a
2   threat of continued criminal activity.  Defendant admits that
3   defendant agreed that defendant or a co-conspirator would commit two
4   acts of racketeering activity and is, in fact, guilty of this offense
5   as described in Count One of the Indictment.

6       7.   Defendant understands that for defendant to be guilty of
7   the offense charged in Count Six, that is, conspiracy to distribute
8   controlled substances, in violation of 21 U.S.C. §§ 846 and
9   841(a)(1), the following must be true: (1) there was an agreement
10  between two or more persons to distribute methamphetamine; and (2)
11  defendant joined in the agreement knowing of this object and
12  intending to help accomplish it.  Defendant admits that defendant is,
13  in fact, guilty of this offense as described in Count Six of the
14  Indictment.

15                              PENALTIES

16      8.   Defendant understands that the statutory maximum sentence
17  that the Court can impose for a violation of 18 U.S.C. §§ 1962(d),
18  1963(a), is: twenty years' imprisonment; a three-year period of
19  supervised release; a fine of $250,000 or twice the gross gain or
20  gross loss resulting from the offense, whichever is greatest; and a
21  mandatory special assessment of $100.

22      9.   Defendant understands that the statutory maximum sentence
23  that the Court can impose for a violation of 21 U.S.C. §§ 846,
24  841(a)(1), and 841(b)(1)(C), is: 20 years' imprisonment; a lifetime
25  period of supervised release; a fine of $1,000,000; and a mandatory
26  special assessment of $100.

27      10.  Defendant understands that the statutory mandatory minimum
28  sentence that the Court must impose for a violation of 21 U.S.C.

5

1  §§ 846, 841(a)(1), and 841(b)(1)(C) is: a three-year period of
2  supervised release and a mandatory special assessment of $100.

3      11.  Defendant understands, therefore, that the total maximum
4  sentence for all offenses to which defendant is pleading guilty is:
5  40 years' imprisonment; a lifetime period of supervised release; a
6  fine of $1,250,000; and a mandatory special assessment of $200.

7      12.  Defendant understands that supervised release is a period
8  of time following imprisonment during which defendant will be subject
9  to various restrictions and requirements.  Defendant understands that
10  if defendant violates one or more of the conditions of any supervised
11  release imposed, defendant may be returned to prison for all or part
12  of the term of supervised release authorized by statute for the
13  offense that resulted in the term of supervised release, which could
14  result in defendant serving a total term of imprisonment greater than
15  the statutory maximum stated above.

16      13.  Defendant understands that, by pleading guilty, defendant
17  may be giving up valuable government benefits and valuable civic
18  rights, such as the right to vote, the right to possess a firearm,
19  the right to hold office, and the right to serve on a jury.
20  Defendant understands that once the Court accepts defendant's guilty
21  pleas, it will be a federal felony for defendant to possess a firearm
22  or ammunition.  Defendant understands that the convictions in this
23  case may also subject defendant to various other collateral
24  consequences, including but not limited to revocation of probation,
25  parole, or supervised release in another case and suspension or
26  revocation of a professional license.  Defendant understands that
27  unanticipated collateral consequences will not serve as grounds to
28  withdraw defendant's guilty pleas.

14.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

15.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

<u>FACTUAL BASIS</u>

16.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the

1    Sentencing Guidelines factors set forth in paragraph 18 below but is

2    not meant to be a complete recitation of all facts relevant to the

3    underlying criminal conduct or all facts known to either party that

4    relate to that conduct.

5         a.   Throughout the period described in the Indictment, the

6    Mexican Mafia LACJ Enterprise (the "Enterprise") was a criminal

7    enterprise composed of a group of individuals associated for a common

8    purpose of engaging in a course of conduct, which included the

9    trafficking of methamphetamine, heroin, and other controlled

10   substances, extortion, money laundering, witness intimidation, and

11   witness retaliation.  In that regard, the Enterprise controlled the

12   majority of drug distribution among Hispanic inmates inside of the

13   Los Angeles County Jail ("LACJ"), and maintained control and

14   authority over Hispanic inmates of the LACJ through threats,

15   intimidation, and acts of violence against those inmates.

16        b.   The Enterprise committed, attempted to commit, and

17   threatened to commit acts of violence, including assaults and

18   murders, to protect and expand the Enterprise's criminal operation,

19   and promoted a climate of fear among rival gang members, potential

20   witnesses to the Enterprise's criminal conduct, Hispanic gang members

21   and inmates, and those who may cooperate with law enforcement

22   authorities both within and outside of LACJ.

23        c.   The Enterprise smuggled controlled substances into

24   LACJ for distribution, and used the threat of violence to extort

25   others engaged in the smuggling and distribution of controlled

26   substances within LACJ, as a means to generate income.  The

27   Enterprise engaged in extortion of inmates by other means, including

28   by the operation of a "kitty" within LACJ and by issuing fines for

8

violations of Mexican Mafia rules, as other sources of generating income.  Further, the Enterprise used the threat of violence to profit from drug trafficking outside of LACJ by members of street gangs controlled by or affiliated with the Enterprise, by requiring the payment by these gangs of a portion of their drug proceeds, which amounted to extortion of drug dealers.

       d.   As a result of its drug trafficking conduct, throughout the period described in the indictment, and as known to defendant, Enterprise members and associates engaged in, and their activities in some way affected, commerce between one state and another state.

       e.   Prior to and continuing during and after September 2012, an agreement existed between two or more persons to participate, either directly or indirectly, in the affairs of the Enterprise through pattern of racketeering activity.  Beginning no later than September 10, 2012, defendant MARLON CORNEJO joined and became a member of that agreement, knowing of its purpose, knowing it was illegal, and intending to help accomplish it.  In that capacity, defendant agreed that a conspirator, whether defendant or someone else, would commit at least two acts of racketeering activity, in the form of dealing in controlled substances and money laundering, which acts had a relationship to another and to the enterprise, and posed a threat of continued criminal activity.

       f.   In furtherance of the racketeering and drug trafficking conspiracies, defendant committed at least the following acts:

           i.   On September 10, 2012, while defendant was incarcerated in LACJ, defendant received approximately 2.25 grams of

9

cocaine and .09 grams of methamphetamine.  Defendant secreted those drugs in his cell, knowing and intending that the drugs would be provided to another co-conspirator.  Defendant understood and agreed that after the Enterprise sold the cocaine and methamphetamine, the proceeds for those sales would be transferred through stored value cards or postal money orders

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

18.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

**Count One**

| GROUP 1 (Controlled Substances) | | |
|---|---|---|
| Base Offense Level: | 12 | [USSG § 2D1.1(c)(14)] |
| Distribution of Controlled Substance in Prison/Correctional/Detention Facility | +2 | [USSG § 2D1.1(b)(4)] |

| GROUP 2 (Money Laundering) | | |
|---|---|---|
| Base Offense Level | 14 | [USSG § 2S1.1(a)(1)] |

**Count Six**

| Base Offense Level: | 12 | [USSG § 2D1.1(c)(14)] |
|---|---|---|
| Distribution of Controlled Substance in Prison/ Correctional/Detention Facility | +2 | [USSG § 2D1.1(b)(4)] |

19.   Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

20.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

                    WAIVER OF CONSTITUTIONAL RIGHTS

22.   Defendant understands that by pleading guilty, defendant gives up the following rights:

          a.   The right to persist in a plea of not guilty.

          b.   The right to a speedy and public trial by jury.

///

11

1          c.    The right to be represented by counsel – and if

2    necessary have the Court appoint counsel -- at trial.  Defendant

3    understands, however, that, defendant retains the right to be

4    represented by counsel – and if necessary have the Court appoint

5    counsel – at every other stage of the proceeding.

6          d.    The right to be presumed innocent and to have the

7    burden of proof placed on the government to prove defendant guilty

8    beyond a reasonable doubt.

9          e.    The right to confront and cross-examine witnesses

10   against defendant.

11         f.    The right to testify and to present evidence in

12   opposition to the charges, including the right to compel the

13   attendance of witnesses to testify.

14         g.    The right not to be compelled to testify, and, if

15   defendant chose not to testify or present evidence, to have that

16   choice not be used against defendant.

17         h.    Any and all rights to pursue any affirmative defenses,

18   Fourth Amendment or Fifth Amendment claims, and other pretrial

19   motions that have been filed or could be filed.

20                    WAIVER OF APPEAL OF CONVICTIONS

21      23.  Defendant understands that, with the exception of an appeal

22   based on a claim that defendant's guilty pleas were involuntary, by

23   pleading guilty defendant is waiving and giving up any right to

24   appeal defendant's convictions on the offenses to which defendant is

25   pleading guilty.  Defendant understands that this waiver includes,

26   but is not limited to, arguments that the statutes to which defendant

27   is pleading guilty are unconstitutional, and any and all claims that

28   ///

1    the statement of facts provided herein is insufficient to support

2    defendant's pleas of guilty

3                 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

4         24.  Defendant agrees that, provided the Court imposes a total

5    term of imprisonment on all counts of conviction of no more than the

6    high-end of the applicable guideline range corresponding with a total

7    offense level of 16 and the criminal history category as found by the

8    Court, defendant gives up the right to appeal all of the following:

9    (a) the procedures and calculations used to determine and impose any

10   portion of the sentence, with the exception of the Court's

11   calculation of defendant's criminal history category; (b) the term of

12   imprisonment imposed by the Court, except to the extent it depends on

13   the Court's calculation of defendant's criminal history category;

14   (c) the fine imposed by the Court, provided it is within the

15   statutory maximum; (d) the term of probation or supervised release

16   imposed by the Court, provided it is within the statutory maximum;

17   and (e) any of the following conditions of probation or supervised

18   release imposed by the Court: the conditions set forth in General

19   Order 20-04 of this Court; the drug testing conditions mandated by 18

20   U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions

21   authorized by 18 U.S.C. § 3563(b)(7); and the and search condition

22   agreed to in Paragraph 2.

23        25.  The USAO agrees that provided that all portions of the

24   sentence are at or above the applicable statutory minimum and at or

25   below the statutory maximum specified above, the USAO gives up its

26   right to appeal any portion of the sentence.

27   ///

28   ///

                                    13

1

## RESULT OF WITHDRAWAL OF GUILTY PLEAS

2    26.  Defendant agrees that if, after entering guilty pleas

3  pursuant to this agreement, defendant seeks to withdraw and succeeds

4  in withdrawing defendant's guilty pleas on any basis other than a

5  claim and finding that entry into this plea agreement was

6  involuntary, then the USAO will be relieved of all of its obligations

7  under this agreement.

8        ## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

9    27.  Defendant agrees that if any count of conviction is

10 vacated, reversed, or set aside, the USAO may: (a) ask the Court to

11 resentence defendant on any remaining count of conviction, with both

12 the USAO and defendant being released from any stipulations regarding

13 sentencing contained in this agreement, (b) ask the Court to void the

14 entire plea agreement and vacate defendant's guilty plea on any

15 remaining count of conviction, with both the USAO and defendant being

16 released from all their obligations under this agreement, or

17 (c) leave defendant's remaining convictions, sentence, and plea

18 agreement intact.  Defendant agrees that the choice among these three

19 options rests in the exclusive discretion of the USAO.

20           ## EFFECTIVE DATE OF AGREEMENT

21    28.  This agreement is effective upon signature and execution of

22 all required certifications by defendant, defendant's counsel, and an

23 Assistant United States Attorney.

24             ## BREACH OF AGREEMENT

25    29.  Defendant agrees that if defendant, at any time after the

26 signature of this agreement and execution of all required

27 certifications by defendant, defendant's counsel, and an Assistant

28 United States Attorney, knowingly violates or fails to perform any of

14

1    defendant's obligations under this agreement ("a breach"), the USAO

2    may declare the agreement breached.  All of defendant's obligations

3    are material, a single breach of the agreement is sufficient for the

4    USAO to declare a breach, and defendant shall not be deemed to have

5    cured a breach without the express agreement of the USAO in writing.

6    If the USAO declares the agreement breached, and the Court finds such

7    a breach to have occurred, then: (a) if defendant has previously

8    entered guilty pleas pursuant to this agreement, defendant will not

9    be able to withdraw the guilty pleas, and (b) the USAO will be

10   relieved of all its obligations under this agreement.

11        COURT AND PROBATION & PRETRIAL SERVICES OFFICE NOT PARTIES

12        30.  Defendant understands that the Court and the Probation &

13   Pretrial Services Office are not parties to this agreement and need

14   not accept any of the USAO's sentencing recommendations or the

15   parties' agreements to facts or sentencing factors.

16        31.  Defendant understands that both defendant and the USAO are

17   free to: (a) supplement the facts by supplying relevant information

18   to the Probation & Pretrial Services Office and the Court,

19   (b) correct any and all factual misstatements relating to the Court's

20   Sentencing Guidelines calculations and determination of an

21   appropriate sentence under the § 3553(a) factors, and (c) argue on

22   appeal and collateral review that the Court's Sentencing Guidelines

23   calculations and the sentence it chooses to impose are not error,

24   although each party agrees to maintain its view that the calculations

25   in paragraph 18 are consistent with the facts of this case.  This

26   paragraph permits both the USAO and defendant to submit full and

27   complete factual information to the Probation & Pretrial Services

28   Office and the Court, even if that factual information may be viewed

1  as inconsistent with the factual basis and sentencing factors agreed

2  to in this agreement.

3      32.  Defendant understands that even if the Court ignores any

4  sentencing recommendation, finds facts or reaches conclusions

5  different from those agreed to, and/or imposes any sentence up to the

6  maximum established by statute, defendant cannot, for that reason,

7  withdraw defendant's guilty pleas, and defendant will remain bound to

8  fulfill all defendant's obligations under this agreement.  Defendant

9  understands that no one -- not the prosecutor, defendant's attorney,

10  or the Court -- can make a binding prediction or promise regarding

11  the sentence defendant will receive, except that it will be within

12  the statutory maximum.

13                          NO ADDITIONAL AGREEMENTS

14      33.  Defendant understands that, except as set forth herein and

15  in any contemporaneous agreement or addendum signed by all parties,

16  there are no promises, understandings, or agreements between the USAO

17  and defendant or defendant's attorney, and that no additional

18  promise, understanding, or agreement may be entered into unless in a

19  writing signed by all parties or on the record in court.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       34.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    Acting United States Attorney

9

10                                              October 8, 2021
    _____        _____
    SHAWN J. NELSON                        Date
11  MAX B. SHINER
    KEITH D. ELLISON
12  Assistant United States Attorneys

13

14                                              9-17-2021
    _____        _____
15  MARLON ZORNEJO                         Date
    Defendant
16

17

18  _____        October 8, 2021
    MARK SEDLANDER                         _____
19  Attorney for Defendant                 Date
    MARLON CORNEJO
20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATION OF DEFENDANT</u>

2       I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement or in an agreement signed by all parties

14  or on the record in court.  No one has threatened or forced me in any

15  way to enter into this agreement.  I am satisfied with the

16  representation of my attorney in this matter, and I am pleading

17  guilty because I am guilty of the charges and wish to take advantage

18  of the promises set forth in this agreement, and not for any other

19  reason.

20

21  MARLON CORNEJO                9-17-2021

    Defendant                     Date

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARLON CORNEJO's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement or in an agreement signed by all parties or on the record in court; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

MARK SEDLANDER                                    October 8, 2021
Attorney for Defendant                            Date
MARLON CORNEJO

19